UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

_____

In re:

HEALTH STAFFERS OF MICHIGAN, INC.,          Case No. DL 08-09990
                                            Chapter 11
          Debtor.                           Hon. Scott W. Dales

_____/

## MEMORANDUM OF DECISION AND ORDER

PRESENT:   HONORABLE SCOTT W. DALES
           United States Bankruptcy Judge

This matter comes before the court upon its own Order to Appear and Show Cause why an ombudsman should not be appointed to monitor the quality of patient care and to represent the interests of the patients of the health care business known as Health Staffers of Michigan, Inc. (the "Debtor").  I held a hearing on November 12, 2008, in Lansing, Michigan, and heard the testimony of the Debtor's president and sole shareholder, Mr. George Adatsi ("Mr. Adatsi"). The United States Trustee appeared through counsel but took no position.  Based on Mr. Adatsi's testimony, I find that the appointment of an ombudsman is not necessary.  This Memorandum of Decision and Order constitutes my findings of fact and conclusions of law, as contemplated in Fed. R. Civ. P. 52, made applicable to this proceeding by Fed. R. Bankr. P. 7052.

Pursuant to 11 U.S.C. § 333(a)(1), if a debtor is a healthcare business, a bankruptcy court must appoint an ombudsman within 30 days of the commencement of the case unless the court determines one is not required under the circumstances. In making this decision, courts have employed a two-part test, which I will apply in this

**Page 2 of 5**

case.  First, I must decide if the Debtor is in fact a healthcare business as defined in 11 U.S.C. § 101(27).  Second, if the Debtor falls within the definition of "healthcare business," I must appoint an ombudsman unless I find that an ombudsman "is not necessary for the protection of patients under the specific facts of the case." 11 U.S.C. § 333(a)(1).  On the first point, I find the Debtor is healthcare business because it is a business that is specifically listed in § 101(27B)(IV) as a "home health agency."  On the second, I am persuaded that an ombudsman is not necessary in this proceeding.

Before arriving at these conclusions, I considered the totality of the circumstances surrounding the bankruptcy filing and the operations of the Debtor as described at the hearing, and I measured Mr. Adatsi's testimony against the yardstick of factors described in In re Alternate Family Care, 377 B.R. 754, 758 (Bankr. S.D. Fla. 2007).  These factors include:

(1) the cause of the bankruptcy;

(2) the presence and role of licensing or supervising entities;

(3) the Debtor's past history of patient care;

(4) the ability of the patients to protect their rights;

(5) the level of dependency of the patients on the facility;

(6) the likelihood of tension between the interests of the patients and the Debtor;

(7) the potential injury to the patients if the Debtor drastically reduced its level of patient care;

(8) the presence and sufficiency of internal safeguards to ensure appropriate level of care;

(9) the impact of the cost of an ombudsman on the likelihood of a successful reorganization.

I regard these factors as helpful guidelines developed early in the life of 11 U.S.C. § 333, rather than as components of a rigid formula to be scrupulously observed. That the testimony of the Debtor's principal did not precisely address each factor does not preclude me from excusing the appointment of the ombudsman because, as I have said, I am considering the totality of the circumstances.  In other words, I do not attach talismanic significance to the factors.

Based on Mr. Adatsi's testimony and my review of the pleadings, I make the following findings:

The Debtor's bankruptcy filing was precipitated by a downturn in the economy and the Debtor's tax debt.  Mr. Adatsi testified that the Debtor has about $45,000.00 in assets and $180,000.00 in liabilities, $170,000.00 of which is withholding tax liability. Since the Debtor started operating in 2003, it has served over 1,000 patients and has never had any complaints about care.  The Debtor provides in-home care primarily to elderly persons in their own homes. The Debtor's patients are private individuals referred to the company either by their own insurance companies or the county. Though there is no formal oversight by any of the referring entities, Mr. Adatsi calls the patients on a regular basis to get their feedback regarding each caregiver.  The patients are free to request specific caregivers provided by the Debtor or decline service altogether. I believe Mr. Adatsi is earnest, and I credit this testimony.

Page 4 of 5

The Debtor maintains minimal medical records because the Debtor's caregivers primarily offer services such as bathing and cooking. Therefore, I have very little concern about protecting patient expectations of privacy in medical records.   The caregivers do not prescribe or dispense any medication, another factor that strongly counsels against appointing an ombudsman.   Mr. Adatsi's testimony and demeanor gave me no reason to believe that I should appoint an ombudsman in this case.

Finally, if I were to appoint an ombudsman, I would likely consider a trained medical professional. I predict that the services of such a person would come only at considerable expense.  I find that the cost of an ombudsman would hamper the Debtor's reorganization by duplicating Mr. Adatsi's functions without, in my opinion, bringing any meaningful benefit to the community that the Debtor serves.   In making this finding, I have considered the limited nature of the services the Debtor provides to its clients who, though vulnerable given age and infirmity, are not as helpless as, say, residents of a skilled-nursing facility.

Consequently, based on the specific facts of this case and the record of the November 12 hearing, I find that the appointment of an ombudsman is not necessary. Of course, my decision today is necessarily summary in nature, given the short time-frame that 11 U.S.C. § 333 prescribes.   Accordingly, I remain willing to revisit the question, and nothing contained in this Memorandum of Decision and Order shall preclude any party-in-interest, including the United States Trustee, from seeking the appointment of a patient ombudsman if circumstances warrant.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Clerk shall serve a copy of this Memorandum of Decision and Order upon Health Staffers of Michigan, Inc., Charles R. Cuzydlo, Esq., the Office of the United States Trustee, the 20 largest creditors, and all those appearing on the mailing matrix herein pursuant to Fed. R. Bankr. P. 9022 and LBR 5005-4.

END OF ORDER

**IT IS SO ORDERED.**

Scott W. Dales
United States Bankruptcy Judge

**Dated: November 19, 2008**